NOTICE: NOT FOR OFFICIAL PUBLICATION.
UNDER ARIZONA RULE OF THE SUPREME COURT 111(c), THIS DECISION IS NOT PRECEDENTIAL
AND MAY BE CITED ONLY AS AUTHORIZED BY RULE.

IN THE

# ARIZONA COURT OF APPEALS
## DIVISION ONE

STATE OF ARIZONA, *Appellee*,

*v.*

TERRANCE LEE KING, *Appellant*.

No. 1 CA-CR 20-0310
FILED 6-15-2021

Appeal from the Superior Court in Maricopa County
No.  CR2018-101982-001
The Honorable Julie A. LaFave, Judge *Pro Tempore*
The Honorable Geoffrey H. Fish, Judge

**AFFIRMED**

COUNSEL

Arizona Attorney General's Office, Phoenix
By Linley Wilson
*Counsel for Appellee*

Maricopa County Public Defender's Office, Phoenix
By Jeffrey L. Force
*Counsel for Appellant*

---

**MEMORANDUM DECISION**

Presiding Judge Kent E. Cattani delivered the decision of the Court, in which Judge Samuel A. Thumma and Judge Brian Y. Furuya joined.

---

**C A T T A N I**, Judge:

¶1        Terrance Lee King appeals his convictions and sentences for possession of narcotic drugs and possession of marijuana.[1]  King's counsel filed a brief in accordance with *Anders v. California*, 386 U.S. 738 (1967), and *State v. Leon*, 104 Ariz. 297 (1969), certifying that, after a diligent search of the record, he found no arguable question of law that was not frivolous. King was given the opportunity to file a supplemental brief but did not do so.  Counsel asks this court to search the record for reversible error.  *See State v. Clark*, 196 Ariz. 530, 537, ¶ 30 (App. 1999).  After reviewing the record, we affirm King's convictions and sentences.

## FACTS AND PROCEDURAL BACKGROUND

¶2        One evening in January 2018, a Phoenix police officer saw King commit several traffic violations.  The officer and others called to assist him briefly lost track of King's car before they could make a traffic stop, but within minutes they located the then-parked car and found King crouched down behind another parked car nearby.  King was detained, and an officer looking through the open driver's window saw two clear plastic baggies in the center-console ashtray—one containing a white, powdery substance and the other a green, leafy substance.  Lab testing confirmed that the substances were approximately 348 milligrams of cocaine and 1.5 grams of marijuana, respectively.

¶3        King was arrested and charged with possession of a narcotic drug (cocaine), a class 4 felony, and possession of marijuana, a class 6

---

[1]        Arizona has since legalized limited adult possession and use of marijuana, and adult possession of 1.5 grams of marijuana (the basis for King's marijuana conviction) is no longer a crime.  *See* A.R.S. §§ 13-3405(A), 36-2852(A)(1).  We consider only the propriety of King's conviction and sentence under then-existing law; we do not address whether King might secure expungement of the marijuana conviction if properly requested.  *See* A.R.S. § 36-2862(A)(1).

felony. *See* A.R.S. §§ 13-3408(A)(1), (B)(1), -3405(A)(1), (B)(1). King was released on his own recognizance but failed to appear for the next scheduled hearing. He was again arrested a few months later on the resulting bench warrant and in connection with new offenses.

**¶4** A jury found King guilty as charged. After finding two non-historical prior felony convictions, the superior court sentenced King as a category two repetitive offender to concurrent, presumptive prison terms, the greater of which is 4.5 years, with credit for 333 days of presentence incarceration. *See* A.R.S. § 13-703(A), (I). The superior court permitted King to file a delayed appeal, *see* Ariz. R. Crim. P. 32.1(f), and he filed a notice of appeal consistent with that ruling.

## DISCUSSION

**¶5** We have read and considered counsel's brief and have reviewed the record for reversible error. *See Leon*, 104 Ariz. at 300. We find none.

**¶6** King was present and represented by counsel at all critical stages of the proceedings against him. The record reflects that the superior court afforded King all his constitutional and statutory rights, and that the proceedings were conducted in accordance with the Arizona Rules of Criminal Procedure. The court conducted appropriate pretrial hearings, and the evidence presented at trial was sufficient to support the jury's verdicts. King's sentences fall within the range prescribed by law, with proper credit given for presentence incarceration.

**CONCLUSION**

**¶7**　　　King's convictions and sentences are affirmed. After the filing of this decision, defense counsel's obligations pertaining to King's representation in this appeal will end after informing King of the outcome of this appeal and his future options, unless counsel's review reveals an issue appropriate for submission to the Arizona Supreme Court by petition for review. *See State v. Shattuck*, 140 Ariz. 582, 584–85 (1984). On the court's own motion, King has 30 days from the date of this decision to proceed, if he desires, with a *pro se* motion for reconsideration or petition for review.



AMY M. WOOD • Clerk of the Court
FILED:　AA